## DANIELS et al. v. ROBERTS.

No. 13743—Opinion Filed Oct. 21, 1924.

**Mechanics' Liens—Enforcement—Appeal—Conflicting Evidence—Special Findings.**

In an action to enforce a materialman's lien, where the evidence is in conflict on every material issue and the court, at the request of defendants, submits four special interrogatories to the jury covering all material issues, which interrogatories are answered by the jury adversely to the contentions of defendants, and such special findings are in conformity to the general verdict, a judgment based upon the verdict and special findings will not be disturbed in this court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by Mike Roberts, doing business under the firm name and style of Keystone Supply Company, against C. H. Daniels, C. H Evans, E. R. Hutchins, Daniels-Evans Oil Company, a corporation, and Hutchins-Vinson Oil Company, to foreclose a materialman's lien. Judgment for plaintiff and defendants C. H. Daniels and C. H. Evans bring error. Affirmed.

This action was commenced December 6, 1920, in the district court of Washington county by defendant in error filing therein his petition against the above named defendants wherein it was alleged, in substance, that on or about October 5, 1920, said defendant in error at the special instance and request of plaintiffs in error furnished certain oil well casing to be used in drilling a well upon certain premises described in the petition and belonging to C. H. Daniels and C. H. Evans; that he had duly filed his claim of lien in the office of the court clerk in the manner and within the time required by law and praying for judgment in the sum of $2,435.87, and $250 attorneys fee, and for a foreclosure of his lien.

No service was had upon the defendants E. R. Hutchins or Hutchins-Vinson Oil Company. After various pleadings had been filed in this action the issues were made up as between the plaintiff and the defendants C. H. Daniels, C. H. Evans and the Daniels-Evans Oil Company. Trial was had March 22, 1922, resulting in a verdict in favor of plaintiff and against the defendants C. H. Daniels, C. H. Evans and Daniels-Evans Oil Company for the sum of $2,435.87, upon which verdict judgment was entered foreclosing the lien upon the premises described in the petition. After unsuccessful

motion for new trial the defendants C. H. Daniels and C. H. Evans have brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

H. H. Montgomery and S. J. Montgomery, for plaintiffs in error.

Rowland & Talbott and George B. Schwabe, for defendant in error.

Opinion by LOGDSON, C. For reversal of this case defendants rely upon four propositions stated in their brief thus:

"(1) These plaintiffs in error contend that the court committed error in refusing to sustain the demurrers to the evidence introduced in the trial on the part of the defendant in error.

"(2) The verdict of the jury and the judgment of the court were clearly contrary to the evidence.

"(3) The trial court erred in refusing to instruct the jury to find for the plaintiffs in error herein when they requested such instructions at the close of all the testimony.

"(4) The court erred in refusing to instruct the jury to find for C. H. Evans."

A mere reading of the four propositions as stated shows that each and all of them question the sufficiency of the evidence to support the verdict and judgment. It will, therefore, not be necessary to discuss these propositions separately, but they may all be considered under the general question as to whether there is evidence in the record reasonably tending to support the verdict and judgment.

The testimony in the record shows about this state of facts: That C. H. Daniels and C. H. Evans were joint owners of the tract of land involved in this action; that they had organized the Daniels-Evans Oil Company, C. H. Daniels being president and C. H. Evans secretary-treasurer; that they had executed an oil and gas lease on the premises to E. R. Hutchins who was to drill a test well; Daniels and Evans or the Daniels-Evans Oil Company were to furnish the supplies for the drilling of this well; Daniels and Evans had previously dealt with the plaintiff as individuals: Daniels called the plaintiff over the 'phone and made the contract for the casing which plaintiff thereafter furnished for the drilling of this well; C. H. Evans, during this 'phone conversation, listened in over an extension 'phone and knew all the details of the trade made at that time; the evidence is conflicting as to whether in that 'phone conversation Daniels

told the plaintiff that he was purchasing the casing for the Daniels-Evans Oil Company; the casing was thereafter delivered upon the premises by the plaintiff, and all of it except three joints was used in the test well; considerable correspondence thereafter took place between Daniels and the plaintiff in which Daniels sought to show that the casing was sold to the Daniels-Evans Oil Company and not to Daniels and Evans as individuals; all of these matters were in evidence before the jury and were considered and passed upon by the jury as is shown by the following special findings made by the jury at the request of Daniels and Evans:

"Special Finding No. 1. Did the defendant, Daniels-Evans Oil Company. a corporation, procure from the plaintiff the pipe described in plaintiff's petition herein?

"Answer: Yes.

"Special Finding No. 2. Did the defendants, C. H. Daniels and C. H. Evans, or either of them, procure from the plaintiff the said pipe in their individual capacity and upon their individual liability?

"Answer: Yes.

"Special Finding No. 3. Was C. H. Daniels acting for himself individually, or for the Daniels-Evans Oil Company in procuring the pipe involved in this action?

"Answer: For himself individually and for Daniels-Evans Oil Company.

"Special Finding No. 4. Was C. H. Daniels acting for C. H. Daniels and C. H. Evans as partners when the pipe in controversy was procured?

"Answer: C. H. Daniels was acting for himself and C. H. Evans as joint owner."

The general verdict of the jury reads:

"We the jury impaneled and sworn in the above entitled cause, do upon our oaths find for the plaintiff and fix the amount of his recovery at $2,435.87, with interest at six per cent."

It was the contention of plaintiff upon the trial and is here that the casing was purchased by Daniels and Evans in order to get a test well sunk on their lands, and that the credit extended by the plaintiff was to Daniels and Evans as individuals, with whom plaintiff had previously had satisfactory dealings. It is contended that the effort of Evans and Daniels to thereafter shift the burden of the contract to the Daniels-Evans Oil Company was for the purpose of evading payment for the casing because the Daniels-Evans Oil Company is not financially responsible.

These various contentions were urged by the respective parties on the trial of the case and the evidence of each tended to sustain these contrary contentions. With the evidence in this irreconcilable conflict the jury passed upon it under instructions by the court which are not criticised or excepted to, and this conflict in the evidence was resolved by the jury in favor of the plaintiff. Under the well settled rule of this court where a case is submitted to a jury upon conflicting evidence under proper instructions, the verdict of the jury thereon is conclusive. It is not necessary to cite authorities upon this proposition.

It is, therefore, concluded upon the whole case that the trial court did not commit reversible error by its action under either of the four propositions stated by the defendants, and that the judgment of the trial court should be in all things affirmed.

By the Court: It is so ordered.